Trezjjvant, J.
(After stari; s the case, and the exceptions taken in arrest of judgment.) Upon these grounds-of objection, mv opinion is, (hat the indictment sta'es the offence with sufficient certainty, in the wordí by which it charges the begetting of the' child, and that it will become a burthen to the mstricr. The law only requires the offence to he alleged ‘ with convenient certainty.” And as to the pu -ishment, it is not unconstitutional, nor is it new, the old bastardy act having directed a certain description of white men to he punished in a similor manner, when guilty of this offeree under the circumstances therein mentioned ; and that act was passed long before the constitution of this State or of the United States. It will not he denied, that any white man may indent himself for a term of years, ahhough he cannot, sell .himself asa slave: it must therefore follow, that the legislature may, for certain offences, direct the eidp-it to be bound for ;> form of years, although they cannot constitutionally order or direst, that he. should be sold as a slave.
Bruvaro, J.
It is urged fn arrest of judgment in this case,-1. That the indictment is not properly framed according to the act of assembly :" and 3. That the punishment ptovided by the act is unconstitutional', and cannot he carried into execution^ With respect to the first exception, I am of opinion, that the indictment is properly framed, and so as to try and decide the pritv cipal question, which the act requires shall be tried by a jury. The object of the act of assu&bly of 1795 is, to oblige the fathers' of bastard children, who are likely to become burthensome to the-community,- to provide for their m..uitenauce ; and enacts, that if any person accused as the father, shall deny that he is so, a jury shall be charged, either in the court of sessions or common pleas, to try the question-. The indictment was framed with aviewto try th>s question in the court of sessious, and I think it is properly drawn, according to the true intent of the act. As to the other exception, that the punishment provided by the act is unconstitutional, and incapable of being fully executed-, Í am-of opinion, that it is not unconstitutional. The courts are bound-to carry it into execution as far as they can, with propriety and consistency. The legislature may consté utioually declare, that •for any particular immoral or disorderly act, or any act product, ive of injurious consequences or inconvenience to society, the person committing the same shall be subject to a temporary privation of his persona! liberty. The mode by which this restraint shall be imposed, can make no difference, unless the same should *283 be unusually harsh or cruel. The compelling a citizen to serve as a boiidnm.i, or apprentice, for a term cot exceedin'! four years, cannot he a more severe regid; ti-m, than to compel a prisoner to labor in a penitentiary house for a given lime ; and is very different from a state of slavery for life. B <th exceptions, I think, should be over ruled.
Falconer, and Mathis, for the defendant. Mr. Solicitor Wilds, for the Siam.
Present, Grimke, Waties. Johnson, Trezevant, and Brevard, Justices ; Bay, J. absent.
Mofio.i discharged.
Note. In Í ngland, it has been held on the Stat. Fliz. that the mother of a bastard child ;s an adtni.-sib'e witness to prove the reputed father; and that jier evidence is conclusive, un ess she charges two persons. See 1 Loffts’ Xjrilb. 293. The rep" red mother was held a competent witness to prove the illegitimacy of her children. 6 T. R. 330. The King v Inhab. Bramley.